IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DOUGLAS LEE PARRIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 4:12-CV-330-CDL-MSH |
| | : | 42 U.S.C. § 1983 |
| Officer CHARLES WEAVER, | : | |
| | : | |
| Defendant. | : | |

### O R D E R

Plaintiff currently has pending three motions for appointment of counsel (ECF Nos. 16, 24, 39). Alternatively, Plaintiff requests a "90-day extension" in order to obtain an attorney. (Mot. for Appointment of Counsel or a 90-day Extension 1, ECF No. 39). For the following reasons, Plaintiff's motions are denied. However, the Court shall extend the response time for Plaintiff to respond to the motion for summary judgment by fourteen (14) days to provide Plaintiff with some additional time to respond and/or seek counsel.

### DISCUSSION

Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding

whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. The Court on its own motion will consider assisting Plaintiff in securing legal counsel *if and when* it becomes apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights. Accordingly, Plaintiff's motions for appointment of counsel are DENIED at this time. Plaintiff shall have until August 26, 2013, to file his response to Defendant's motion for summary judgment (ECF No. 32).

SO ORDERED, this 24th day of July, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE